IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

FRANK ELTON SNYDER,

                Plaintiff

    VS.

JAMES DONALD, *et al.*,

                Defendants

NO.  5:06-CV-72 (DF)

PROCEEDINGS UNDER 42 U.S.C. §1983
BEFORE THE U. S. MAGISTRATE JUDGE

## ORDER AND RECOMMENDATION

Before the court is the plaintiff's MOTION FOR PROHIBITORY INJUNCTIVE RELIEF AND TO HOLD A BOND HEARING TO WAIVE SECURITY DEPOSIT (Tab #6) and his Motion for immediate ruling thereon (Tab #17), the defendants' Response to both motions (Tab #18), the plaintiff's Reply to the response (Tab #19), and the defendants' Surreply (Tab #20).

The plaintiff's original complaint (Tab #1) alleges that he has suffered damages from secondhand smoke that have been caused by the prison's policy regarding inmate smoking.  The plaintiff's motions currently before the court ask that the defendants and any other officers, agents, or attorneys be enjoined from opening the plaintiff's legal or privileged mail except in the plaintiff's presence.[1]  Since the motions deal with such a vastly different topic from his original suit, IT IS RECOMMENDED that the plaintiff's MOTION FOR PROHIBITORY INJUNCTION (Tab #6) be DENIED.[2]

As the defendants' Surreply points out, the plaintiff's MOTION FOR IMMEDIATE RULING (Tab #17) is based on Georgia law that has no bearing on this proceeding.  Accordingly, that motion is DENIED.

---

[1] Though the plaintiff does not cite any supporting case in his motion, **Taylor v. Sterrett**, 532 F.2d 462 (5th Cir. 1976), held that incoming prisoner mail from courts, attorneys, and probation and parole officers must be opened in the presence of the inmate to whom it was addressed.

[2] The motion for injunctive relief could be construed as an amended complaint, but since the subject matter of the injunction is so far removed from the issue in the case, the undersigned believes that it would be a better course of action for the plaintiff in a separate action to proceed against those allegedly opening his mail.

Insofar as that portion of plaintiff's motion dealing with waiving a security deposit and holding a bond hearing, the same is also DENIED, there being no legal or factual basis therefor. No security deposit has been ordered; a bond hearing is unnecessary.

Pursuant to 28 U.S.C. §636(b)(1), the parties may serve and file written objections to any RECOMMENDATION herein with the district judge to whom this case is assigned **WITHIN TEN (10) DAYS** after being served with a copy thereof.

SO ORDERED AND RECOMMENDED this 11th day of AUGUST, 2006.



CLAUDE W. HICKS, JR.
UNITED STATES MAGISTRATE JUDGE