IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

FRANK ELTON SNYDER,

      Plaintiff

  VS.

JAMES DONALD, *et al.*,

      Defendants

NO. 5:06-CV-72 (HL)

**PROCEEDINGS UNDER 42 U.S.C. §1983
BEFORE THE U. S. MAGISTRATE JUDGE**

## O R D E R

  Plaintiff FRANK ELTON SNYDER has filed a number of motions in the above-styled case. One of these asks the court to strike Attorney Williams Charles Lea's Response to the court's order (Tab #46) to show cause. Plaintiff wishes Mr. Lea's response be stricken because it is not signed in accordance with the Federal Rules of Civil Procedure. A review of Mr. Lea's response reveals that he used an electronic signature, an accepted practice in this district. *See* Fed.R.Civ.P. Rule 5. Accordingly, the plaintiff's MOTION TO STRIKE (TAB #52) is **DENIED**.

  Plaintiff Snyder has also filed two motions for leave to supplement the original pleadings which ask the court's permission to amend his original complaint to include additional claims and defendants. Snyder asserts that the reason he did not include these claims in his original complaint is that he had not exhausted the administrative remedies at the time of the initial filing. Because the Prison Litigation Reform Act requires that a prisoner exhaust his administrative remedies *before filing suit*, it would be inappropriate for this court to permit the plaintiff to amend his complaint to include any claims that had not been exhausted at the time of his filing of the instant case. Accordingly, the plaintiff's MOTIONS FOR LEAVE TO SUPPLEMENT THE ORIGINAL PLEADINGS (Tabs #42 and #47) are **DENIED**. Snyder is, of course, free to file a separate suit or separate suits regarding these additional claims.

Also pending before this court is the plaintiff's MOTION FOR RECONSIDERATION.  Tab #60. The plaintiff's motion is **DENIED** for the reasons set forth in the court's May 31st Order.

Plaintiff Snyder has also filed a MOTION TO COMPEL the defendants to answer and respond to his motions for leave to supplement his complaint.  In light of the undersigned's above denial of those motions to supplement, there is no need for the defendants to answer the contentions made therein.  Accordingly, the plaintiff's MOTION TO COMPEL (Tab #62) is **DENIED** as MOOT.

Still pending on the docket in this case is a motion on behalf of the plaintiff which seeks a court order directing the plaintiff's former counsel to return items that the plaintiff had given him in connection with this case.  Tab #53.  That motion was filed on May 16, 2007, and because the facts and circumstances surrounding that motion may have since changed, the plaintiff is directed WITHIN TEN (10) DAYS of <u>receipt</u> of this Order to apprise the court of the status of possession of the requested materials.

On January 30, 2008, plaintiff Snyder filed a MOTION FOR PROTECTIVE ORDER which asks that this federal court prohibit any transfer of the plaintiff.  This federal court does not have the authority to dictate where state prisoners are housed; that is a decision left up to prison administrators in the Georgia Department of Corrections.  Accordingly the plaintiff's MOTION FOR PROTECTIVE ORDER (Tab #66)  is **DENIED**.

Finally, the plaintiff has filed a MOTION FOR RULING ON ALL PENDING MOTIONS.  Tab #64. That motion is **PARTIALLY GRANTED** as consistent with this order.

SO ORDERED this 1st day of FEBRUARY, 2008.



CLAUDE W. HICKS, JR.
UNITED STATES MAGISTRATE JUDGE