IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| FRANK E. SNYDER, JR., : | |
| : | |
| Plaintiff, : | |
| : | |
| v. : | Civil Action No. |
| : | 5:06-CV-72 (HL) |
| JAMES E. DONALD, et al., : | |
| : | |
| Defendants. : | |
| _____ : | |

## ORDER

Before the Court is Plaintiff's pro se Motion to Appoint Counsel (Doc. 96) and affidavit in support of Plaintiff's Emergency Motion to Stay Proceedings (Doc. 97). For the following reasons, the Motion to Appoint Counsel is denied and the affidavit, construed as a motion for reconsideration of the order denying Plaintiff's first Emergency Motion to Stay Proceedings, is also denied.

A.   **Motion for Appointment of Counsel**

Plaintiff's 42 U.S.C. §1983 case is scheduled for trial on July 12, 2010. Plaintiff is proceeding pro se, although he formerly had an attorney representing him. On March 5, 2007, the Magistrate Judge permitted his attorney to withdraw (Doc. 30) because a conflict of interest arose between Plaintiff and the attorney. The Magistrate Judge stayed the case for a period sixty days so that Plaintiff could seek out new counsel (Doc. 30).

Not having found counsel, Plaintiff on May 2, 2007, asked the Magistrate Judge to appoint counsel on his behalf (Doc. 44). The Magistrate Judge denied the motion (Doc. 48). Plaintiff has moved again for the appointment of counsel.

There is no absolute Constitutional entitlement to appointed counsel in prisoner civil rights actions. Kilgo v. Ricks, 983 F.2d 189, 193 (11th Cir. 1993). Rather, court-appointed counsel in civil cases is warranted only in "exceptional circumstances." Steele v. Shah, 87 F.3d 1266, 1271 (11th Cir. 1996). To determine whether a case is exceptional, the key inquiry is "whether the pro se litigant needs help in presenting the essential merits of his or her position to the court. Where the facts and issues are simple, he or she usually will not need such help." Kilgo, 983 F.2d at 193. In other words, "[t]he existence of [exceptional] circumstances will turn on the quality of two basic factors–the type and complexity of the case, and the abilities of the individual bringing it." Williams v. Grant, 639 F. Supp. 2d 1377, 1378 (S.D. Ga. 2009) (citation omitted).

Plaintiff claims that he has blurred and double vision that interferes with his ability to file documents with the court and conduct legal research. He also asserts that the case requires a factual investigation that he cannot perform in prison and that an attorney will need to conduct cross-examinations of witnesses at trial.

Plaintiff has demonstrated an above average ability to draft motions seeking relief from this Court. In fact, his most current motion, filed despite his blurred and double vision, is clear and well-written. Therefore the Court, at this juncture, finds his vision impediment, even if true, is an insufficient basis to afford Plaintiff court-appointed counsel.

Plaintiff's assertions that the case will require a factual investigation that he cannot perform and that the trial requires an attorney to cross-examine witnesses are

2

also insufficient to constitute exceptional circumstances to appoint counsel. In this case, the allegations are straightforward. Plaintiff claims the prison officials failed to enforce prison rules prohibiting smoking. As a result, Plaintiff suffered injuries from inhaling secondhand smoke. If Plaintiff's situation constituted an exceptional circumstance, nearly all pro se litigants could satisfy the high burden that warrants the appointment of counsel.

His motion for the appointment of counsel is accordingly denied.

### B. Motion for Reconsideration

In both his motion for appointment of counsel and in his affidavit, Plaintiff expresses concern that his upcoming surgery will interfere with his ability to present his case at trial. As of the date of these filings, Plaintiff does not know the exact date of his scheduled surgery. He also asserts that his property, including his legal material, is "packed-up and stored," presumably due to the upcoming surgery.

The Court denies Plaintiff's motion for reconsideration. If in the event that closer to the date of the trial it becomes clear that Plaintiff is unable to attend trial because of his surgery or that he has no access to any legal materials, then the Court will consider a motion to stay. Now, however, because the date of his surgery is unclear and is the length of time he will be without his legal materials, the Court believes that granting a motion to stay would be premature.

**SO ORDERED**, this the 16th day of June, 2010.

*s/ Hugh Lawson*
**HUGH LAWSON, SENIOR JUDGE**

lmc

3